IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISER KORICKI MIGUELACHILI<br>BERTHA MIGUELACHILI<br>Plaintiffs<br><br>vs<br><br>RG PREMIER BANK OF P.R.<br>RG INVESTMENT CORP.<br>RG MORTGAGE CORPORATION<br><br>Defendants/Third-Party Plaintiffs<br><br>vs<br><br>MAIDA KORICKI LIBEZUK (a/k/a Maida Nussbaum);<br>EDWARD NUSSBAUM (a/k/a Ed Nussbaum);<br>and the legal conjugal partnership comprised between them<br><br>Third-Party Defendants | CIVIL 06-2042CCC |

## REMAND ORDER

This case was removed by third-party defendants based only on the third-party claim brought against them by original defendants R-G Premier Bank of PR, R-G Investment Corp. and R-G Mortgage Corporation (the R-G defendants), all of which have requested that the action be remanded to the Commonwealth court based on the absence of federal question or diversity jurisdiction and because it is generally accepted that third-party defendants do not have the right to remove actions to federal courts. Since this last issue would be dispositive of the matter, we have examined the allegations of the complaint, answer to the complaint and the third-party complaint.

This action was commenced in the Commonwealth of Puerto Rico, San Juan Superior Court, by Iser Koricki-Miguelachili and his mother, Bertha Miguelachili, claiming that as sole heir of Salomon Koricki, Iser contacted the R-G defendants in writing on several occasions requesting that he be paid the interest due on his father's investment accounts as well as reports regarding

Civil 06-2042CCC                                             2

such investments. It is alleged that, after several endeavors, he received some documents from his father's files with R-G which reflected that R-G had sent accrued interest on certain GNMA's belonging to his father to one Maida Nussbaum in the sum of approximately $39,000.00 taken from his father's account. He claims that these disbursements were made without notice to him despite the letters that he had sent to the R-G defendants. The following allegations are relevant to the nature of plaintiff's claims:

- "The plaintiff is entitled to the defendant RG paying him interest and the illegal disbursements made from Salomon's accounts to another person other than the plaintiff, plus interest." Complaint, ¶11.

- "Because the defendant RG did not exercise its duty of vigilance, lack of precaution, care, supervision . . . as a consequence of the highly illegal and negligent acts and omissions... wherein the plaintiff has been deprived of his property and the enjoyment of his property, for not having received the monies that were disbursed from Salomon's accounts, rather that they were being sent to another person, other than the plaintiff . . . causes and will cause severe damages to the plaintiff, including, but not limited to, emotional and moral damages, in excess of $50,000 for each one of the plaintiffs . . . in addition to the other amounts claimed." Complaint, ¶12.

The R-G defendants answered and counterclaimed. The counterclaim against plaintiffs describes three GNMA's in the sum of $25,000.00, $200,00.00 and $50,000.00 all issued on August 15, 2002 which were among the securities of an investment account which counterclaimant states was owned and held by deceased Salomon Koricki, the principal plaintiff's father who died on May 25, 2003 leaving plaintiff as his sole heir. It is alleged at ¶4 of the counterclaim that, either directly or through their attorneys, the plaintiffs knew of the claims of the third-party defendants regarding the ownership and the interest accrued on such securities and that they also knew that the third-party defendants were collecting the interest that said securities accrued monthly, even before Salomon Koricki died. The counterclaimants

Civil 06-2042CCC                                        3

further allege that plaintiff never informed them that he had been appointed judicial administrator of his father's estate since September 9, 2003 and that in violation of his duties as such he "did not do anything to avoid the third-party defendants to continue collecting the interest accrued by the securities described above." Counterclaim, ¶6. The first cause of action of the counterclaim avers that plaintiffs induced the defendants to pay the securities alleging they were the sole beneficiaries and owners thereof although they knew that the third-party defendants were claiming to be the only owners of the securities and the interest accrued. The second cause of action avers that as a result of the plaintiff's negligence in the exercise of his duties as judicial administrator of his father's estate they incurred in damages or will incur in damages as a consequence of delivering the securities to plaintiff Iser Koricki to the prejudice of the third-party defendant. Further negligence is charged in the third cause of action to plaintiffs for having made incomplete/incorrect representations upon which defendants allegedly relied to deliver the securities to them despite the controversy over the GNMA's. Accordingly, they state in the fourth cause of action that the third-party defendant had claimed that defendants return the securities to them and that plaintiffs are directly liable for what third-party defendants claim against the R-G defendants.

      Defendants simultaneously filed a third-party complaint against the Nussbaums in which the same GNMA's issued on August 15, 2002 held in the account of Salomon Koricki are described. In both the counterclaim and the third-party complaint the R-G defendants state that by information and belief the securities described were property which title Mr. Salomon Koricki shared in community with his sister, the third-party defendant. The first cause of action alleges that the third-party defendant induced the defendants to pay them the interest of the securities alleging they were the beneficiaries and sole owners and that these representations were made by them knowing that the plaintiff was the only heir of Salomon Koricki and that he claimed to

Civil 06-2042CCC                    4

be the only owner of the securities. Third-party plaintiff claimed that through these erroneous representations third-party defendants obtained undue payment of the totality of the interest due on the GNMA's.

Third-party defendant Mayda Nussbaum filed an answer to the third-party complaint which also contains a counterclaim on November 20, 2006 (docket entry 10) where she imputes to the R-G defendants diversion of funds belonging to her in violation of breach of contract and federal statutes and regulations. She raises several instances in which R-G paid her brother before his death while failing to make payments to her even though she owned each of the GNMA's as a tenant in common with him. These claims, however, are not relevant to the Court's determination regarding remand which is limited to the claims raised in the complaint, be it the original complaint filed by the son or the third-party complaint filed by the bank.

The claims contained in the complaint and the third-party complaint have common issues of fact regarding the representations of plaintiffs to the defendants and representations made by the third-party defendants to the third-party plaintiffs on the matter of ownership and payment of interest on the securities. The third-party complaint is not a separate and independent claim from the original complaint.

Courts have generally held that third-party defendants do not have a right to remove cases to federal courts. Lewis v. Windsor Door Co., 926 F.2d 729, 732 (8th Cir. 1991); Thomas v. Shelton, 740 F.2d 478, 486 (7th Cir. 1984); Elsis v. Hertz Corp., 581 F.Supp. 604, 607 (E.D.N.Y. 1984). Those that have recognized that the cause of action was removable by a third-party defendant have dealt with situations where the third-party complaint presents a controversy that is separable from that brought by the original plaintiff. Central of Georgia Ry. v. Riegel Textile Corp., 426 F.2d 935 (5th Cir. 1970). The relevant pleadings, i.e. complaint and third-party complaint, reflect that such is not the case before us.

Civil 06-2042CCC	5

Likewise, we also adhere to the view of those courts which in cases where the original defendants did not seek removal understand it is unjust to permit a party not sued by the plaintiff to compel the plaintiff to try the case in a forum not selected by him.  <u>Holloway v. Gamble-Skogmo, Inc.</u>, 274 F.Supp. 321 (N.D.Ill. 1967); <u>Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.</u>, 208 F.Supp. 544 (S.D.N.Y. 1962); <u>Brown v. Hecht Co.</u>, 78 F.Supp. 540 (D.Md. 1947).

For the reasons stated, the R-G defendants' Motion to Remand (**docket entry 7**), opposed by the third-party defendants (**docket entry 14**), is GRANTED.  The Clerk of Court is ORDERED to remand the present case to the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, for further proceedings.

SO ORDERED.

At San Juan, Puerto Rico, on February 23, 2007.

S/CARMEN CONSUELO CEREZO<br>United States District Judge